## Owsley v. Dailey, et al.

(Decided April 27, 1923.)

### Appeal from Franklin Circuit Court.

Descent and Distribution—Evidence Held not to Show Plaintiff's Grantor was Heir of Deceased Adverse Possessor.—In an action to recover real property which plaintiff claimed on the ground that her grantor was the heir of one who had acquired title to property by adverse possession, evidence held to sustain the chancellor's finding that plaintiff's grantor was not an heir.

J. T. GOOCH and MORRIS & JONES for appellant.

F. M. DAILEY for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Prior to the 24th of August, 1869, Margaret Breedwell Dailey was the wife of John P. Dailey, and she had title to about four and one-half acres of land in Franklin county. She had died some time prior to that date and had left surviving her the husband and three sons, John W., Taylor and James F. Dailey.

On that date John P. Dailey, the surviving husband, and John W. Dailey, one of her sons, conveyed the four and one-half acres of land to Sarah Carter, and Sarah and her husband, Levi, moved on the property and continued to live upon and occupy the same until the death of Sarah in 1896, and thereafter the husband, Levi, continued to live upon and occupy the same until his death about 1916. All the parties are negroes.

In 1897 the same property was conveyed by Fannie Talbert (widow) to the appellant Nettie Owsley, and

after the death of Levi this action was brought by Nettie Owsley against the heirs of Margaret Breedwell Dailey to recover the property which the latter had taken possession of under some agreement with Levi Carter before his death.    The plaintiff's cause of action is based upon the allegation that her vendor, Fannie Talbert, was the only heir at law of Sarah Carter, deceased, and the claim is that the alleged adverse possession of Sarah and Levi Carter for the statutory period and longer, inures to her benefit and vests in her the title to the whole property, although Sarah Carter only had paper title to an undivided one-third thereof, that is, to the one-third of John W. Dailey, one of the three sons of Margaret Breedwell Dailey.

In the answer the defendants denied that plaintiff's vendor, Fannie Talbert, was the only heir at law, or any heir at law, or related in any way to the decedent Sarah Carter.    But the whole theory of the plaintiff is that Sarah Carter having acquired title by adverse possession, and having no children and leaving no other heir at law, her alleged niece, Fannie Talbert, the daughter of Sarah Carter's deceased sister, was her only heir at law.    On this issue of fact considerable evidence was taken and the lower court upon a submission dismissed the plaintiff's action absolutely.

This could not have been done by the trial court except upon one theory, and that is by the finding of fact that Fannie Talbert, appellant's vendor, was not the heir at law of Sarah Carter, deceased; for if he had found her to be such, then appellant would have been entitled to recover at least a one-third interest in the tract of land independent of the question of adverse possession.

The evidence on the issue whether Fannie Talbert was the heir at law of Sarah Carter is somewhat conflicting, but on the whole its preponderance is that Sarah Carter never had a sister and that, consequently, Fannie Talbert, could not have been her sister's daughter.    The reliable evidence of persons familiar with the family history of Sarah Carter is convincing that the finding of fact by the trial court was correct, and we find corroboration of this in the fact that although Fannie Talbert signs and executes the deed to appellant in that name, it is recited in the face of the instrument that she was then a widow. If her mother's name was Talbert, as is claimed, her married name would not have been Talbert unless she had

married a man of the same name as her own, which is improbable.

On the whole case we see no reason to disturb the finding of fact by the chancellor below.

Judgment affirmed.